UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-897 JBG (KK)** | Date | July 28, 2022 |
|---|---|---|---|
| Title | *Danny McDowell v. Walmart Inc. et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order DENYING Plaintiff's Motion to Remand (Dkt. No. 12) (IN CHAMBERS)**

Before the Court is a motion to remand by Plaintiff Danny McDowell. ("Motion," Dkt. No. 12.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The hearing on August 1, 2022 is **VACATED**.

## I.   BACKGROUND

This is a slip-and-fall case. On March 18, 2022,[1] McDowell filed a complaint in Riverside County Superior Court alleging negligence and premises liability against Defendants Walmart, Inc.; Stephanie Whitworth Chapman, the manager of the subject store ("Store"); and Does 1 to 50. ("Complaint," Dkt. No. 1-1.) On May 31, Walmart removed this action to this Court. ("Notice of Removal," Dkt. No. 1.)

On June 29, McDowell filed the Motion. Walmart opposed on July 12 ("Opposition," Dkt. No. 15); and McDowell replied on July 19 ("Reply," Dkt. No. 17).[2]

---

[1] All subsequent dates are in 2022, unless otherwise stated.

[2] The Court admonishes both parties for filing the Opposition and Reply one day past the respective deadlines set by this Court's Local Rules. See L.R. 7-9 (explaining that opposing papers are due 21 days before—and reply papers, 14 days before—a motion's hearing date).

## II.   LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.   DISCUSSION

McDowell argues that this case must be remanded because it lacks complete diversity. (Motion at 3.) McDowell also asks this Court to sanction Walmart's counsel for forcing McDowell to bring this motion. (Id. at 11.)

**A. Removal**

In McDowell's view, this case lacks complete diversity because he and Defendant Chapman (the Store's manager) are both citizens of California. However, nowhere does McDowell allege Chapman's citizenship—whether in his Complaint, the moving or reply papers, or elsewhere. Even if McDowell and Chapman are citizens of California, Walmart argues that Chapman's citizenship should be disregard because he was "fraudulently joined." (Opposition at 15.)

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. To establish fraudulent joinder the second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory." Id. "But if there is a possibility that a state court would find that the complaint states a cause of action" against a resident defendant, then the federal court "must find that the joinder

was proper and remand the case to the state court." Id. (quotations omitted). A defendant carries a "heavy burden" to show fraudulent joinder because there is a "general presumption" against finding it. Id. (quotations omitted). Specifically, fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, the Court finds that Chapman was fraudulently joined because McDowell has no viable claim against Chapman. McDowell alleges negligence and premises liability claims against Chapman. In California, the elements of these claims are "the same": "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Hernandez v. Jensen, 61 Cal. App. 5th 1056, 1064 (2021). McDowell's only factual allegation is that he slipped on water and fell while shopping at the Store, and that both Walmart and Chapman "negligently owned, maintained, managed, and operated" the premises. (Complaint at 6, 7.) In the Motion, McDowell adds that he fell "because of rainwater" that accumulated at the Store. (Motion at 5.)

But the Complaint contains no factual allegations about Chapman's involvement in the alleged incident, so there is nothing from which a state court could plausibly infer that Chapman owed a duty to McDowell, breached that duty, or proximately caused his injury. (See Opposition at 16, 17.) Still, McDowell argues that "a general manager may be sued for her negligent failure to maintain safe premises." (Motion at 8 (citing Chance v. Lawry's, Inc., 58 Cal. 2d 368, 376 (1962)).) But Chance does not stand for McDowell's flawed premise that a store manager is always the proper defendant solely because of her job title and that she may be sued individually. Instead, Chance involves a fact pattern in which a manager defendant had a contemporaneous and active role directly relating to the incident at issue—unlike here.

Nevertheless, McDowell argues that it would be "possible" via amendment to allege a cause of action against Chapman, thus defeating fraudulent joinder. (Motion at 7.); see Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." (emphasis added)). To rebut that possibility, Walmart is "entitled to present facts showing that the joinder is fraudulent." Good, 5 F. Supp. 2d at 807.

Walmart does just that. Through a sworn affidavit based on the Store's employee punch lists and employment-history documents, Walmart provides clear and convincing evidence that Chapman did not work any shift at the Store on the day of the incident and that she did not work any shift on at least the two days before the incident. ("Declaration of John M. Beemer" ["Beemer Decl."], Dkt. No. 15-1, ¶ 22.); see Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) ("Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). As such, Chapman did not work any shift at the Store from March 17 through March 19, 2020, the date of the incident. (See Beemer Decl. ¶ 22.) To be liable, Chapman must have been aware of the alleged water accumulation on March 16, 2020, at the latest. Yet there was no precipitation

in Hemet, California (where the Store is located), from March 15 through 18, 2020.[3] It did rain in Hemet on March 19, 2020—the day of the incident—but Chapman did not work any shift that day. (Opposition at 14.) Therefore, McDowell's contention that "[i]t is not impossible that this rainwater started to accumulate during her shift," and that she failed to tell others about it or otherwise address it (Motion at 5, 6), is impossible. In sum, McDowell cannot state a cause of action against Chapman: She was not working at the Store on the date of the incident (the only day it rained) or two days prior to it, so she could not have noticed rainwater accumulating while working or otherwise addressed it.

In his Reply, McDowell rehashes only two unpersuasive sentences on the fraudulent-joinder issue.[4] His entire "Legal Analysis" section instead raises, for the first time, a new argument about "snap removal." (See Reply at 2, 3.) Raising a new legal argument in a reply brief is improper. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts typically decline to consider arguments raised for the first time in a reply brief); United States ex rel. Giles v. Sardie, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). The Court therefore declines to consider McDowell's snap-removal argument at this time. In addition, it is not clear to the Court that the argument has merit here.

Accordingly, because the Court concludes that Chapman was fraudulently joined, the Court **DENIES** the Motion to remand and **DISMISSES** Chapman from this lawsuit.[5]

## B. Sanctions

The Court likewise **DENIES** McDowell's request for sanctions against Walmart's counsel because Walmart's removal was not done to cause unnecessary delay or to needlessly increase the cost of litigation.

---

[3] The Court **GRANTS** Walmart's request for judicial notice of the weather conditions in Hemet from March 15 to 19, 2020 (Opposition at 14 (request for judicial notice); Beemer Decl., Ex. G (weather conditions)) "[b]ecause neither party objects to the court taking judicial notice of the existence of [this document]." Call v. Badgley, 254 F. Supp. 3d 1051, 1061 n.5 (N.D. Cal. 2017) (citing Fed. R. Evid. 201(b)).

[4] In his Reply, McDowell argues that Chapman was not fraudulently joined because "she was the manager of defendant Walmart presumably in charge or someone with decision-making authority or supervisory authority at the date and time [McDowell] was injured, whether Chapman was physically present or not." (Reply at 2.) But, as discussed earlier, a manager is not the proper defendant in a negligence lawsuit simply because she is a manager.

[5] Because the Court finds that Chapman was fraudulently joined, the Court need not reach the issue of whether service on Chapman was late or invalid. (See Motion at 10).

### IV. CONCLUSION

For the reasons above, the Court **ORDERS** as follows:

1. The Motion is **DENIED**.

2. Chapman is **DISMISSED** from this action.

3. The August 1, 2022 hearing is **VACATED**.

**IT IS SO ORDERED.**